

# THE ATTORNEY GENERAL

## OF TEXAS

**GERALD C. MANN**

XX~~XXXXX XXXXXXXXXXXXXX~~X

ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas



Dear Sir:

Opinion No. O-4968

Re: A member of a Board of Health
appointed in accordance with
Article 4435, Revised Civil Stat-
utes of Texas, who is paid a salary
by the county, holds a civil office
of emolument, and his acceptance
of the office of deputy constable
would vacate his office as a mem-
ber of such Health Board, and re-
lated matters.

We have received your letter of recent date, the material
parts of which are set out below:

"Under Article 4435, Vernon's Civil Statutes the
Commissioners Court of any county in which an unincor-
porated town or village may be situated, shall have power
to designate the lines of such town or village, and may ap-
point a board of health for it, consisting of three persons,
two or more of whom shall be regular practicing physicians.
In Harrison County such a board has been appointed consist-
ing of two physicians and one enforcement officer who pa-
trols the area daily.

"Would it be legal for a Constable, compensated on a
fee basis, to appoint as a deputy constable, the enforcement
officer for the Health Board, to assist the Constable in mak-
ing arrests, etc., but in no manner to interfere with his duties
as enforcement officer for the Health Board, and if it would
be legal for the deputy to accept such fees as he might earn
as a deputy constable in addition to his salary as enforcement
officer for the Health Board and who is paid a salary by the
county for such services as a member of the Health Board?

" . . . . "

As we understand your question it may be restated as set

out in the above caption.

Article 4435, Revised Civil Statutes, reads as follows:

"The commissioners court of any county in which an unincorporated town or village may be situated, shall have power to designate the lines of such town or village, and may appoint a board of health for it, consisting of three persons, two or more of whom shall be regular practicing physicians. Said court when such appointments are made shall at once notify the State Health Officer. Said board shall elect one of their members as presiding officer; and such presiding officer, if the premises of any citizen residing within the prescribed limits of said town or village are in an unclean or unhealthy condition, shall notify him of the fact, and that he must proceed at once to clean the same. Acts 1889, p. 139; Acts 1st C. S. 1901, p. 29."

Section 40, Article 16, of the Texas Constitution provides in part as follows:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, unless otherwise specially provided herein . . . "

In opinion No. O-830 this department held that a constable is prohibited from accepting pay as a grand jury bailiff while retaining his office as constable. Such opinion reads in part as follows:

"It is well established that a constable is a public officer. Murray v. State, 67 S. W. (2) 274; Tex. Jur. Vol. 34, p. 601; and Tex. Jur., Vol. 38, p. 432.

"Section 40, Article 16 of the Constitution, supra, prohibits the holding at the same time more than one civil office of emolument, except those offices named therein."

In our opinion No. O-1646 it was held to be immaterial that the constables were compensated on a fee rather than a salary basis.

In our opinion No. O-1003 it was held that a constable may not serve and receive pay as either a city marshall or city fireman and at the same time receive the pay or emoluments of the office of constable.

You will note that Article 4435, Revised Civil Statutes, says that the commissioners court may "appoint" a Board of Health. It does not say that the Board shall be "employed" or "hired". In the case of Bighan v. State, 148 S.W. (2) 835, the Court of Criminal Appeals in discussing the question of what is a public officer said:

> "While not a necessary adjunct, nevertheless the fact that a person receives his position by appointment is at least persuasive to some extent that such position is an office; if he receives such merely by employment, the inference might lean toward the fact that he was but an employee."

In the case of Knox et al. v. Johnson, 141 S.W. (2) 698 (writ of error refused), the court said:

> " . . . 'It may be stated, as a general rule deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements.' "

We also call your attention to the following statement from our opinion No. O-1003:

> "The acceptance of and qualification for the office of city marshall would, ipso facto, amount to a vacation of the office of constable. Torne v. Hochstetler, 221 S. W. 631."

It is, therefore, our opinion that a member of a board of health appointed in accordance with Article 4435, Revised Civil Statutes of Texas, and receiving a salary therefor, holds an office of emolument. It is further our opinion that a deputy constable holds an office of emolument. Our Constitution prohibits the holding of both such offices by the same person at the same time. If the member of the board of health accepts the office of deputy constable, he would automatically vacate

his office as a member of the health board and would no longer be entitled to his salary as a member of such board.

We note in your letter the phrase "such fees as he might earn as a deputy constable". Deputy constables are not allowed to retain fees. Their appointment and amount of compensation must be authorized by the commissioners' court. See Article 3902, Revised Civil Statutes of Texas.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        /s/ Donald Gay
          Donald Gay
          Assistant

DG:mp:da

APPROVED DEC 7, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION
COMMITTEE BY BWB, CHAIRMAN